UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**SARAH MATTHEWS and JEFFREY MATTHEWS, Individually, and as Parents and Natural Guardians of M.M. 1, an infant under the age of 18 years and M.M. 2, an infant under the age of 18 years,**

*Plaintiffs,*

-vs-

**BRUNSWICK CORPORATION d/b/a MERCURY MARINE, by and through its Agents, Officers, and/or Employees,**

*Defendant.*

**COMPLAINT**

Civil Action No.: 6:24-CV-0202
(DNH/TWD)

---

The Plaintiffs, Sarah Matthews and Jeffrey Matthews, by and through their attorneys, the DeMore Law Firm, PLLC, as and for their Complaint against Defendant Brunswick Corporation, d/b/a Mercury Marine, by and through its agents, officers, and/or employees, hereby state as follows:

### NATURE OF ACTION

1. This is a products liability case brought by Plaintiffs seeking monetary damages arising out of the negligence, carelessness, and recklessness of Defendant Brunswick Corporation d/b/a Mercury Marine ("**Mercury Marine**") in designing, manufacturing, creating and distributing the Mercury Marine 200 HP Outboard Motor ("**Motor**"), resulting in Plaintiff Sarah Matthews ("**Mrs. Matthews**") sustaining severe and permanent personal injuries on July 20, 2023.

### PARTIES

2. At all times relevant to this action, Plaintiffs Mrs. Matthews and Jeffery Matthews ("**Mr. Matthews**") were and are residents of the County of Hampshire, Commonwealth of Massachusetts, and reside

103388.1

at 34 Willow Lane, Belchertown, Massachusetts 01007. Plaintiffs have three (3) children under the age of eighteen (18), including their twelve (12) year old son ("**M.M. 1**") and six (6) year old daughter ("**M.M. 2**").

3. Upon information and belief, Defendant Brunswick Corporation d/b/a Mercury Marine is and was a corporation organized and existing under the laws of the State of Delaware with a principal place of business in Fond du Lac, Wisconsin.

4. Upon information and belief, Mercury Marine maintains an authorized dealership physically located in Onondaga County, New York to sell its products and said dealership sold the subject Motor, including its top cowl air vent and by doing so, placed the Motor in the stream of commerce.

5. There is jurisdiction over Defendant because it transacts business on a regular and continuing basis in Onondaga County, New York and it caused tortuous injury to Plaintiff Mrs. Matthews in the State of New York.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over the asserted claims based on diversity of citizenship pursuant to 28 U.S.C. § 1332, as Plaintiffs are domiciled in a different state (Massachusetts) than where Defendant's primary headquarters is located (Wisconsin) and the amount in controversy exceeds Seventy-five Thousand and no/100 ($75,000.00) Dollars.

7. Venue is proper in this matter as Plaintiff Mrs. Matthews sustained significant and permanent injuries while on a boat owned by her father, David Youlen ("**Mr. Youlen**") on Otsego Lake in Cooperstown, New York, which is within the Northern District of New York.

8. This is an action for damages in excess of the jurisdictional limits of all lower Courts.

**FACTUAL ALLEGATIONS**

9. Upon information and belief, prior to July 20, 2023, Mr. Youlen purchased a Tahoe boat equipped with the subject Motor (Serial No.: 3B134416, Model No.: 12000009A).

- 3 -

10. Upon information and belief, on or around March 2, 2023, Mr. Youlen received a letter from Mercury Marine indicating that it had *"become aware of the potential for finger injury when people place their fingers in the cowl air vents of their engine"* and advised Mr. Youlen to *"keep your fingers away from the air vents on the engine at all times. Do not use the air vents as a handhold when boarding or departing the boat."* However, Mercury Marine provided no additional information and/or warnings stickers to be placed on the Motor with the letter.

11. On or around July 20, 2023, Plaintiffs traveled to Cooperstown, New York, because their son's baseball team was competing in the Cooperstown "Field of Dreams" baseball tournament.

12. Plaintiffs arrived in Cooperstown one day before the tournament started, so that they could enjoy a day on Mr. Youlen's boat on Otsego Lake, along with M.M. 1, M.M. 2, Mrs. Matthews' mother Connie Youlen ("**Mrs. Youlen**") and Mr. Youlen.

13. At approximately 3:00 p.m. on July 20, 2023, Mr. Youlen's boat was anchored and the Motor was turned off. M.M. 1 was in the lake attempting to water ski for the first time and when Mrs. Matthews attempted to jump into the lake from the dive platform on the back of the boat, her right (dominant) thumb became wedged in the exposed cowl air vent on the Motor's casing. As a result, Mrs. Matthews' thumb was violently torn off her hand and remained wedged in the Motor when she jumped into the water.

14. When Mrs. Matthews jumped into the lake, Mr. Matthews was standing next to her, M.M. 1 was watching her a from few feet directly behind the boat, and M.M. 2 was sitting a few feet away on the boat.

15. Mrs. Matthews was assisted back onto the boat, while Mr. Matthews and Mrs. Youlen managed to remove the part of her thumb that remained in the exposed cowl air vent in the Motor by using plyers and pulling on the exposed nerve endings of the severed thumb.

16. Upon information and belief, Mr. Youlen called 911 and Mrs. Matthews was emergently taken to the marina where an ambulance was waiting to take her to the Emergency Department at Bassett Medical Center in Cooperstown.

17. Mrs. Matthews underwent emergency surgery and skin grafting to repair her thumb performed by W.T. Huntsman, M.D. Dr. Huntsman was able to salvage a small portion of Mrs. Matthews' thumb, up to the knuckle.

18. Mrs. Matthews remained in Cooperstown for the week with her family while her son competed in the baseball tournament.

19. Mrs. Matthews continues to undergo extensive treatment and it is anticipated that her treatment and recovery will continue into the foreseeable future.

20. Upon information and belief, Defendant was on notice and aware of at least three (3) injuries suffered under similar circumstances as a result of Defendant's negligent and dangerous design of the Motor and took no action to: (a) recall and/or modify the engine casing; (b) provide a cover for the cowl air vent; and/or (c) provide boat owners with large warning stickers to place on the Motor's casing prior to Mrs. Matthews' injuries.

21. Upon information and belief, after Mrs. Matthews' injury, Defendant has issued recalls in several countries, including New Zealand, Australia, the United Kingdom, and in the United States as a result of the negligent and dangerous design of the Motor's cowl air vent. As part of those recalls, Defendant has instructed owners of similar outboard motors to contact their local Mercury Marine Authorized Outboard Dealer to arrange for a bezel assembly cover to be fitted over the cowl air vents.

## FIRST CAUSE OF ACTION

22. Plaintiffs repeat and reallege each and every allegation contained in the above-referenced paragraphs as if more fully stated herein.

- 4 -

103388.1

23. Upon information and belief, on or before July 20, 2023, the Motor and top cowl air vent were defectively designed by Defendant, causing Plaintiff Mrs. Matthews to sustain significant and permanent injuries (*i.e.*, loss of her right dominant thumb).

24. Upon information and belief, Defendant, by and through its agents, officers, and/or employees, was negligent, careless, and reckless in designing, inspecting, manufacturing, marketing, and selling the Motor, including its top cowl air vent, in an unreasonably dangerous and defective condition, causing Mrs. Matthews to sustain significant and permanent injuries.

25. Upon information and belief, Defendant, by and through its agents, officers, and/or employees, was aware and had actual notice of the dangerous and defective design of the Motor prior to Mrs. Matthews' injuries, and acted willfully, maliciously, and fraudulently by: (a) failing to take sufficient action to recall and/or modify the engine casing on the Motor; (b) failing to provide a cover for the cowl air vent on the Motor; and/or (c) failing to provide adequate warning stickers to affix to the Motor, causing Mrs. Matthews to sustain severe and permanent injuries.

26. Upon information and belief, Defendant, by and through its agents, officers, and/or employees, was negligent, careless, and reckless in designing, inspecting, manufacturing, marketing, and selling the Motor including its top cowl air vent, in that they: failed to design, manufacture, and provide a top cowl air vent with a rounded edge that did not present a knife-like pinch point that could sever fingers / thumbs during normal use; failed to possess and use the design and engineering skill or knowledge necessary to produce a top cowl air vent that would not allow pinch points that could sever fingers / thumbs during normal use; failed to adequately inspect and test the top cowl air vent for safety prior to offering it for distribution and sale; failed to discover that the top cowl air vent was dangerously defective, improperly designed and manufactured, inadequately tested and inspected, unfit and unsafe for use, and constituted a hazard for consumers, specifically Mrs. Matthews; allowed a product, such as the Motor, into the stream of commerce that was not

reasonably safe according to generally accepted production standards and practices; failed to design, manufacture, assemble, inspect, distribute, sell, test, install, service, maintain, and to monitor its products so that the products were reasonably safe for their intended use; failed to design, manufacture, assemble, inspect, install, test, sell, service, maintain, and to monitor its products, including the Motor, so they would not cause injury to consumers, including Mrs. Matthews, who were utilizing the Motor; failed to design, manufacture, assemble, inspect, distribute, sell, test, install, service, maintain, and monitor its products, including the Motor, with appropriate safety devices and mechanisms where reasonably feasible, that would prevent injury; failed to properly warn those who purchased its products, including the Motor, and those using the same about the dangers inherent to their use; failed to instruct those who purchased its products, including the Motor, and those using the same of the proper methods and manner of installing and using them; failed to place clear and conspicuous warning signs, stickers and/or labels on the Motor warning of the possible, probable, and foreseeable dangers associated with its use; failed to place clear and conspicuous warnings signs, stickers and/or labels on the Motor to warn against and prevent such use and/or misuse which is foreseeable; failed to place clear and conspicuous signs, stickers and/or labels on the Motor to warn against and prevent the use of its products, including the Motor, when used in connection with other products which are not equipped with proper safety devices; and Defendant, by and through its agents, officers, and/or employees, otherwise was negligent, careless, and reckless in its design, manufacture, delivery, distribution, inspection, installation, service, and/or repair of the Motor, including its top cowl air vent, in such a manner that it was reasonably foreseeable that said top cowl air vent would cause injury and damage to Mrs. Matthews.

27. Upon information and belief, as a direct and proximate result of the negligence, carelessness, and recklessness of Defendant, by and through its agents, officers, and/or employees, as set forth above and without any negligence of the Plaintiffs contributing thereto, Plaintiff Mrs. Matthews has been caused to sustain severe and permanent injuries, including, but not limited to: pain; suffering; mental anguish and severe

DEMORE LAW FIRM, PLLC

emotional distress; open avulsion fracture of phalanx of right thumb; amputation of her right (dominant) thumb; reduced strength and range of motion; nerve damage; diminished nerve function; diminished use of her right hand; need to undergo emergency surgery with skin grafting to attempt to salvage and/or repair her right thumb on July 20, 2023, which involved transferring the radial digit nerve of the index finger to the remaining portion of the right thumb for creation of first metacarpal island flap; loss of enjoyment of life; lost wages, both past and future; economic loss, including out-of-pocket medical expenses, both past and future; ongoing and future medical care; and has otherwise been rendered sick, sore, and lame, all to her detriment.

28. Upon information and belief, as a direct and proximate result of the negligence, carelessness, and recklessness of Defendant, by and through its agents, officers, and/or employees, Plaintiffs have been caused to sustain severe and permanent disabling injuries in a fair and reasonable amount as may be determined by a jury of their peers.

## SECOND CAUSE OF ACTION

29. Plaintiffs hereby repeat and reallege each and every allegation contained in the above-referenced paragraphs as if more fully set forth herein.

30. That on or around July 20, 2023, and prior thereto, Plaintiff Mrs. Matthews was and is married to Plaintiff Mr. Matthews.

31. M.M. 1 is Plaintiffs' twelve (12) year-old son, and M.M. 2 is Plaintiffs' six (6) year-old daughter. They all live together at the family residence located at 34 Willow Lane, Belchertown, Massachusetts 01007.

32. On or around July 23, 2023, Mr. Matthews, M.M. 1, and M.M. 2, were passengers on Mr. Youlen's boat and in the "zone of danger" when Mrs. Matthews attempted to jump off the back of the boat and into the water, sustaining severe and permanent injuries caused by the negligence of Defendant, by and through its agents, officers, and/or employees.

103388.1

33. Upon information and belief, Mr. Matthews, M.M. 1, and M.M. 2 immediately became aware of the severe injuries sustained by Mrs. Matthews and witnessed her severed thumb, as well as the piece of the thumb that remained in the Motor while they were in the "zone of danger."

34. Additionally, Mr. Matthews, with the assistance of Mrs. Youlen, had to pry the detached thumb out of the cowl air vent with plyers and pulling on the detached nerve endings of the thumb.

35. As a result of the negligence, carelessness, and recklessness of Defendant, Mr. Matthews, M.M. 1, and M.M. 2, while being in the "zone of danger," sustained severe emotional injuries, including, but not limited to: significant mental anguish and emotional distress; anxiety; stress, shock; each experiencing nightmares and trouble sleeping, which has continued since the incident; and has incurred and will continue to incur in the future significant medical bills, psychological and counseling treatment bills, cost of care bills, and other expenses attendant to their care and treatment in the past and ongoing into the future.

36. Upon information and belief, as a direct and proximate result of the negligence, carelessness, and recklessness of Defendant, by and through its agents, officers, and/or employees, Mr. Matthews, M.M. 1, and M.M. 2 have been caused to sustain severe and permanent disabling emotional distress in a fair and reasonable amount as may be determined by a jury of their peers.

### THIRD CAUSE OF ACTION

37. Plaintiffs hereby repeat and reallege each and every allegation contained in the above-referenced paragraphs as if more fully set forth herein.

38. Plaintiff Mr. Matthews is married to Plaintiff Mrs. Matthews and the two live together as husband and wife at the marital residence located at 34 Willow Lane, Belchertown, Massachusetts 01007.

39. Upon information and belief, as a direct and proximate result of the negligence, carelessness, and recklessness of Defendant, by and through its agents, officers, and/or employees, Plaintiff Mr. Matthews has been deprived of the love, compassion, consortium, and society of his wife, and has otherwise been caused

103388.1

- 9 -

severe and permanent psychological injuries and severe mental distress, all to his detriment. Additionally, Plaintiff Mr. Matthews has incurred medical bills and other expenses and has otherwise faced financial hardship as a direct and proximate result of the negligence, carelessness, and recklessness of Defendant.

40. Upon information and belief, as a direct and proximate result of the negligence, carelessness, and recklessness of Defendant, by and through its agents, officers, and/or employees, Plaintiff Mr. Matthews has been caused to sustain severe and permanent injuries and damages in a fair and reasonable amount as may be determined by a jury of his peers.

**WHEREFORE,** Plaintiffs hereby demand Judgment in this matter as against Defendant in such a fair and reasonable amount as may be awarded by a jury of their peers, together with such other and further relief as the Court may deem just and proper, including, but not limited to, attorneys' fees, punitive damages, costs, and disbursements of this action, all in a fair and reasonable amount.

**DATED:** February 9, 2024

**DEMORE LAW FIRM, PLLC**

By: _/s/ Timothy J. DeMore_
Timothy J. DeMore
Bar Roll No.: 510756

Phillip D. Dysert
Bar Roll No.: 518052

*Attorneys for Plaintiffs*
Office and Post Office Address
125 East Jefferson Street, Suite 900
Syracuse, New York 13202
Telephone (315) 413-7000

103388.1