U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
January 5, 2024
JOHN M. DOMURAD, CLERK

## UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF NEW YORK

## GENERAL ORDER #25

## CIVIL CASE ASSIGNMENT & FILING ORDER



## NOTICE

## <u>THE ATTACHED FILING ORDER IS A TIME SENSITIVE DOCUMENT</u>

This filing order is to be served on all parties to the action along with the complaint or petition for removal within **<u>sixty (60) days</u>** of filing the action.

The attached Civil Case Management Plan must be completed and filed with the Clerk no later than seven (7) days prior to the conference date referenced below.

CASE NUMBER:                 6:24-cv-0202 (DNH/TWD)

CONFERENCE DATE/TIME:        May 13, 2024 at 9:30 AM

CONFERENCE LOCATION:         Telephone Conference

BEFORE MAGISTRATE JUDGE:     Hon. Thérèse Wiley Dancks

**NOTE: ALL CIVIL ACTIONS SHALL BE REFERRED INTO THE NORTHERN DISTRICT'S MANDATORY MEDIATION  PROGRAM  EXCEPT THOSE CASES THAT HAVE BEEN DESIGNATED AS EXEMPT UNDER SECTION 2.1 (A) OF  GENERAL ORDER #47.** If the ADR track below has been checked, this case will be referred into the Mandatory Mediation Program. Counsel are directed to review the Mandatory Mediation Plan prior to the Rule 16 Conference.  Please refer to General Order #47 - Mandatory Mediation Program which is available on the Court's website at www.nynd.uscourts.gov.

Conventional Track  _____               ADR Track  ___X___

1

# CONTENTS

1.     Case Assignment and Filing Locations
2.     General Order #25 (Filing Order)
3.     Case Management Plan
4.     Consent Form to Proceed before U.S. Magistrate Judge

# CASE ASSIGNMENT

This action has been assigned to the District Judge and Magistrate Judge shown below.  All correspondence and filings should bear the initials of the assigned District Judge and Magistrate Judge immediately filing the civil action number. (i.e. Civil Action No. 5:15-cv-0123 NAM/DJS).  **Document should be filed in accordance with General Order #22.**

CIVIL CASE NUMBER:     6:24-cv-0202 (DNH/TWD)

DISTRICT JUDGE:     Hon. David N. Hurd                              DNH

MAGISTRATE JUDGE:     Hon. Thérèse Wiley Dancks                TWD

# PRO SE LITIGANTS

Send all original documents for filing to one of the Clerk's Office listed below:

Clerk, U.S. District Court              Clerk, U.S. District Court
Federal Building & Courthouse       Federal Building & Courthouse
P.O. Box 7367                             15 Henry Street
Syracuse, NY 13261-7367              Binghamton, NY 13901


Clerk, U.S. District Court              Clerk, U.S. District Court
James T. Foley U.S. Courthouse     Alexander Pirnie Federal Building
445 Broadway                             10 Broad Street
Albany, NY 12207-2936                 Utica, NY 13501

**All papers filed with the Court must conform to Local Rule 10.1.**

# COUNSEL

All documents **must** be filed electronically on the Court's CM/ECF system.  Please refer to General Order #22 for procedures for filing documents electronically.

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF NEW YORK

## GENERAL ORDER #25

### I.   PURPOSE

It is the policy of this court to help litigants resolve their civil disputes in a just, timely and cost-effective manner.  To that end, this court has adopted an Expense and Delay Reduction Plan in accordance with the Civil Justice Reform Act of 1990.  This will tailor the level of individualized case management needs to such criteria as case complexity and the amount of time reasonably needed to prepare a case for trial.

### II.   SCOPE

This order applies to all civil cases filed in this court except: multi-district litigation, cases remanded from appellate court, reinstated and reopened cases, and cases in the following Nature of Suit (NOS) categories indicated on the JS44 Civil Cover Sheet:

> Prisoner Petitions (463, 510-560)
> Forfeiture/Penalty (625, 690)
> Bankruptcy Appeals (422, 423)
> Social Security Appeals (861-865)
> Real Property (only NOS 220)
> Naturalization Application & Other Immigration Actions (NOS 462, 465)
> Arbitration (NOS 896)
> Contract (only NOS 150 and other contract actions which involve the collection of debts owed to the United States)

*Note – When the Court deems it appropriate, Rule 16 Scheduling Conferences will be held in the above excepted actions.

The Court has adopted the guidelines of civility as outlined in the New York State Bar Association Guidelines on Civility in Litigation, a copy of which is available on the court's website at www.nynd.uscourts.gov.

### III.   SERVICE

**A. <u>Timing</u>**:  When serving a Complaint or Notice of removal, the filing party shall serve on all other parties a copy of this General Order and attached materials.  Service of process should be completed within **sixty (60) days** from the initial filing date. This expedited service is necessary to fulfill the dictates of the Civil Justice Reform Act Expense and Delay Reduction Plan of this court to ensure adequate time for pretrial discovery and motion practice.  However, in no event shall service of process be completed after the time specified in Fed. R. Civ. P. 4, or any other rule or statute which may govern service of process in a given action.

B. **Filing Proof(s) of Service**:  Proof(s) of service of process are to be filed with the clerk's office no later than **five (5) days** after service of the complaint or notice of removal with a copy of this General Order.

C. **Non-Compliance with Sixty (60) Day Service Requirement**:  In the event that the filing party cannot comply with the sixty (60) day service requirement, that party shall immediately notify the assigned Magistrate Judge and request an adjournment of the initial Rule 16 case management conference date contained in the Civil Case Management Plan.

If an adjournment of the conference date is granted, it shall be the responsibility of the filing party to notify all parties to the action of the new date, time and location for the case management conference.  Proof of service of such notice shall then be immediately filed with the clerk's office.

## IV. ADDITIONAL PARTIES

Any party who, after the filing of the original complaint or notice of removal, causes a new party to be joined in the action, shall promptly serve on that new party a copy of General Order #25 along with any additional Uniform Pretrial Scheduling Order that has been entered by the Court.

## V. REMOVED CASES

In cases removed to this court from a state court, the removing defendant(s) shall serve on the plaintiff(s) and all other parties, at the time of service of the notice of removal, a copy of this General Order with the attached materials.  The filing of a motion for remand does not relieve the moving party of any obligation under this General Order unless the assigned judge or magistrate judge specifically grants such relief.

## VI. TRANSFERRED CASES

The clerk shall serve a copy of this General order on all parties that have appeared in any action transferred to this district.  The clerk shall set a return date for the initial Rule 16 case management conference on the form attached to the General Order.  It shall be the obligation of the plaintiff or plaintiff's counsel to arrange for completion of the attached Case Management Plan and to file the Plan with the clerk and to serve this General Order upon any party who had not appeared in this action at the time of transfer.  Attorneys appearing in transferred cases are reminded of their obligation to be property admitted to this district in accordance with Local Rule 83.1.  Attorneys must also be registered for electronic filing.  Refer to Section XII of this General Order.

## VII. ADR PROGRAMS

It is the mission of this court to do everything it can to help parties resolve their disputes as fairly, quickly, and efficiently as possible.  The court has adopted a Mandatory Mediation Program – see General Order #47 available on the Court's website.  All civil cases that are not exempt under General Order #47 and are filed after January 1, 2014, as well as all cases where a Rule 16

Conference is scheduled after January 1, 2014, will be placed into the Mandatory Mediation Program. The Court may also refer the other pending cases into the Mandatory Mediation program. The parties are directed to review the Mandatory mediation Plan requirements prior to the Rule 16 case management conference. At the Rule 16 conference, the assigned Magistrate Judge will set a deadline for the completion of Mediation under General Order #47.  The referral of a case to the Mandatory Mediation Program does not delay or defer other dates establishes in the Scheduling Order and has no effect on the scheduled progress of the case toward trial.

    **A.** <u>**Settlement Conferences**</u>:  The parties are advised that the court will honor a request for a settlement conference at <u>any</u> stage of the proceeding.  A representative of the parties with the authority to bind the parties must be present with counsel or available by telephone at any settlement conference.

    **B.** <u>**Consent to Jury or Court Trial Before A United States Magistrate Judge**</u>:  By stipulation, the parties to any civil action may elect to have a magistrate judge (instead of the assigned Article III judge) conduct all proceedings in any civil case, including presiding over a jury or bench trial.  A trial before a magistrate judge is governed by the same procedural and evidentiary rules as trial before a district judge.  The right to appeal is automatically preserved to the United States Court of Appeals under the same standards which govern appeals from an Article III judge.  Parties often consent to resolution of their civil dispute by magistrate judge bench or jury trial because magistrate judges have less crowded calendars.

## VIII.   DISCOVERY

    **A.** <u>**Discovery Motions**</u>:  Prior to bringing a discovery dispute to a Magistrate Judge, the parties must confer in good faith in accordance with the provisions of <u>Local Rule 37.1(b)</u>.  In addition, no non-dispositive or discovery motions should be presented to the Court unless authorized by the Magistrate Judge after communication with the Magistrate Judge's chambers.

    **B.** <u>**Filing Discovery**</u>:  Parties are directed <u>not</u> to file discovery material unless it is being filed in accordance with <u>Local Rule 26.2</u>.

For additional information on local requirements related to depositions and discovery, please refer to Section V. of the Local Rules of this court.

## IX.   MOTIONS

    **A.** <u>**Motions**</u>:  Motions are decided without oral argument unless scheduled by the Court.  For additional information on local requirements related to motion practice, please refer to <u>Local Rule 7.1</u>.

## X.   <u>CASE MANAGEMENT CONFERENCE</u>

Except in actions exempted under Section II of this order, or when otherwise ordered by the court, the parties shall, as soon as practicable, but no later than **twenty-one (21) days** before the Rule 16

conference, confer to jointly address each item contained in the attached Case Management Plan packet. The completed plan is to be filed with the clerk not later than **seven (7) days** prior to the conference date. The NOTICE setting the date, time and location for the initial Rule 16 conference with the court is included as part of this filing order.  Mandatory disclosures under Fed. R. Civ. P. 26(a) shall be exchanged at least seven (7) days prior to the conference date, unless the parties have obtained prior approval from the assigned Magistrate Judge to extend that deadline.  The Civil Justice Reform Act Plan of this court requires the court to set "early, firm" trial dates, such that the trial is scheduled to occur within eighteen (18) months after the filing of the complaint, unless a judicial officer certifies that (i) the demands of a case and its complexity make such a trial date incompatible with serving the ends of justice; or (ii) the trial cannot reasonably be held within such time because of the complexity of the case or the number or complexity of pending criminal cases.

## XI.    ELECTRONIC FILING

As of January 1, 2014, all documents submitted for filing by attorneys admitted to practice in the Northern District of New York shall be filed electronically using the CM/ECF system.  Refer to General Order #22 for procedures for filing documents electronically.  Attorneys must be registered for both PACER and CM/ECF.  Consult with the CM/ECF section of the court's website at www.nynd.uscourts.gov for PACER registration, CM/ECF registration, and General Order #22.

### REVISED GENERAL ORDER #25
Dated:  September 16, 2022

Brenda K. Sannes
Chief U.S. District Judge

Revision History:

1/3/2010 added Magistrate Judge Andrew T. Baxter.
4/18/2011 added U.S. District Judge Mae A. D'Agostino and Magistrate Judge Victor E. Bianchini.
12/16/2011 reflects Hon. Gary L. Sharpe as Chief Judge.
2/10/2012 added Magistrate Judge Therese Wiley Dancks.
9/1/20212 added Magistrate Judge Christian F. Hummel.
10/1/2012 reflects the retirement of Senior Judge Neal P. McCurn.
10/25/2013 includes information on Mandatory Mediatory – See General Order #47.
11/4/2013 includes changes to deadlines for mandatory disclosures under Fed. Rule 26(a), and changes the date for the filing of the civil casement management plan from 14 days prior to the conference to 7 days prior to the conference.
12/29/2014 added U.S. District Judge Brenda K. Sannes.
10/01/2015 reflects Hon. Glenn T. Suddaby as Chief Judge, added Magistrate Judge Daniel J. Stewart, and reflects the retirement of Hon. Randolph F. Treece.
1/1/2016 reflects Hon. Gary L. Sharpe taking senior status.
6/23/2016 relates to Amended General Order #47 Mandatory Mediation Program.
7/23/2019 added Magistrate Judge Miroslav Lovric and removed Magistrate Judge David Peebles.
12/4/20 corrected Local Rule numbers referenced in accordance with changes to the 2021 Local Rules and removed all motion return dates and references to oral argument.
9/16/2022 reflects Hon. Brenda K. Sannes as Chief Judge, format changes, and minor revisions, incl. Civil Case Management Plan.

## CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

Sarah Matthews and Jeffrey Matthews, Individually, and
as Parents and Natural Guardians of M.M. 1, an infant
under the age of 18 years and M.M. 2, an infant under the
age of 18 years


   **vs**                                          **Case No.  6:24-CV-0202 (DNH/TWD)**

Brunswick Corporation d/b/a Mercury Marine, by and
through its Agents, Officers, and/or Employees


_____

**IT IS HEREBY ORDERED** that, pursuant to Rule16(b), Federal Rules of Civil Procedure, a status
and scheduling conference will be held in this case before the Honorable THÉRÈSE WILEY
DANCKS, United States Magistrate Judge, on May 13, 2024, at 9:30 AM. The Courtroom Deputy for
Judge Dancks will provide counsel for the parties, and any unrepresented parties, with instructions on
how to dial into his audio conference line for the Rule 16 conference.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to
confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no
later than **twenty-one (21)** days before the scheduled Rule 16 Conference. Following that Rule 26(f)
meeting, a report of the results of the conference, in the format set forth below, must be filed with the
clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters
which the Court will discuss at the status conference will include the following: (insert a separate
subparagraph as necessary if parties disagree):

1. **JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be
   made on or before _____.

2. **AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall
   be made on or before _____.

3. **DISCOVERY**: All discovery in this action shall be completed on or before _____.
   **(Discovery timetable is to be based on the complexity of the action)**

4. **MOTIONS:** All motions, including discovery motions, shall be made on or before
   _____. **(Non-Dispositive motions including discovery motions may only be
   brought after the parties have complied with Section IX of General Order #25)**

5. **EXPERT WITNESS DISCLOSURE**: Plaintiff's Expert Witness disclosure shall be exchanged on or before _____ (at least 90 days before the close of discovery). Defendant's Expert Witness disclosure shall be exchanged on or before _____ (at least 45 days before the close of discovery). Rebuttal Expert Witness Disclosure shall be exchanged on or before _____ (at least 30 days before the close of discovery).

6. **MANDATORY MEDIATION**: A stipulation selecting mediator must be filed on or before _____. Mediation must be completed on or before _____.

7. **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: The action will be ready to proceed to trial on or before _____. It is anticipated that the trial will take approximately _____ days to complete. The parties request that the trial be held in _____, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

8. **Have the parties filed a Jury Demand? _____(YES)  _____(NO).**

9. **What is the basis of the Court's subject matter jurisdiction? If it is diversity jurisdiction under 18 USC § 1332(a), does the complaint allege the citizenship of each party, including the citizenship of all members of any LLC or partnership? See 250 Lake Avenue Associates, LLC v. Erie Insurance Co., 281 F. Supp 3d 335, 341 (W.D.N.Y. 2017) ("[A]n LLC has the citizenship of each of its members for diversity jurisdiction purposes.")**

   _____
   _____
   _____
   _____

10. **Are the parties subject to the Court's jurisdiction? Have all parties been served?**

   _____
   _____
   _____
   _____

11. **What are the factual and legal bases for Plaintiff's claims and Defendant's defenses (including counterclaims and crossclaims, if applicable)?**

   _____
   _____
   _____
   _____

**12.    What factual and legal issues are genuinely in dispute?**

_____
_____
_____
_____
_____

**13.    Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**

_____
_____
_____
_____
_____

**14.    What specific relief do the parties seek?  What are the damages sought?**

_____
_____
_____
_____
_____

15.    **DISCOVERY PLAN**

A.    <u>**Mandatory Disclosures**</u>
The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

_____

B.    <u>**Subjects of Disclosure**</u>
The parties jointly agree that discovery will be needed to address the following subjects:

_____
_____
_____

C.    <u>**Discovery Sequence**</u>
Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

_____
_____
_____

D. **Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, that areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

_____

_____

_____

E. **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

_____

_____

_____

F. **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

_____

_____

_____

G. **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

_____

_____

_____

H. **Protective Orders**

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

_____

_____

_____

I. **Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

_____

_____

_____

16. **Is it possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means or presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**

_____

_____

_____

_____

17. **Are there any related cases pending before the Judges of this Court?**

_____

_____

_____

_____

18. **In Class Actions, when and how will the class be certified?**

_____

_____

_____

_____

19. **What are the prospects for settlement?  Please check below the prospect for settlement:**

1 _____ 2 _____ 3_____ 4 _____ 5 _____ 6 _____ 7 _____ 8 _____ 9 _____ 10 _____
   (Very unlikely →      →         →        →        →        →      Likely)

A.  Settlement cannot be evaluated prior to _____ (Date).

B.  How can settlement efforts be assisted?

_____

_____

_____

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

**Complete Question 19 only if your filing order Cover Sheet was checked as an ADR Track case – *Subject to Mandatory Mediation under General Order #47.***

20.  **If your case was selected as a qualifying mandatory mediation case, confirm that you have:**

A.  Reviewed General Order #47                    Yes ___ No ___

B.  Reviewed the List of Court Approved            Yes ___ No ___
    Mediators available on the NDNY website?

C.  Prepared to discuss with the Court, at the     Yes ___ No ___
    conference, whether your case should be
    opted out of the program?

D.  Discussed the time frame needed to            Yes ___ No ___
    complete Mandatory Mediation?

Pursuant to Fed. R. Civ. P. 25(f), a meeting was held on _____
and was attended by:                                              (Date)

_____ for plaintiff(s)

_____ for defendant(s) _____

_____ for defendant(s) _____

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.***

## CONSENT TO THE EXERCISE

## OF CIVIL JURISDICTION BY A MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. Section 636(c), you are hereby notified that the United States Magistrate Judges of this district court, in addition to their other duties, may, upon consent of all the parties in a civil case, conduct any or all proceedings in the case, including a jury or non-jury trial, and order the entry of a final judgment.

You should be aware that your decision to consent to the referral of your case to a United States Magistrate Judge for disposition is entirely voluntary and should be indicated by counsel endorsing the attached consent form for the plaintiff(s)and defendant(s). If the form is executed by all counsel for the parties (or by the parties if appearing pro se), it should be communicated solely to the clerk of the district court. ONLY if all the parties to the case consent to the reference to a magistrate judge will either the judge or magistrate judge to whom the case has been assigned be informed of your decision.

Your opportunity to have your case disposed of by a magistrate judge is subject to the calendar requirements of the court. Accordingly, the district judge to whom your case is assigned must approve the reference of the case to a magistrate judge for disposition.

In accordance with 28 U.S.C. Section 636(c)(3), an appeal from a judgment entered by a magistrate judge will be taken to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court. See Also L.R. 72.2(b)(5).

Copies of the consent form are available in any office of the clerk of the court and on the court web-page at www.nynd.uscourts.gov.

**\*\*ATTACHED FOR YOUR CONSIDERATION IS A BLANK CONSENT FORM\*\***

AO 85 (rev. 02/17) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

_____

Sarah Matthews and Jeffrey Matthews, Individually,
and as Parents and Natural Guardians of M.M. 1,
an infant under the age of 18 years and M.M. 2,
 an infant under the age of 18 years

                                            Plaintiff,            Civil Action No. 6:24-cv-0202 (DNH/TWD)

    -vs-

Brunswick Corporation d/b/a Mercury Marine,
by and through its Agents, Officers, and/or Employees

                                     Defendant.

_____

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| Parties' printed names | Signatures of parties or attorneys | Dated |
|---|---|---|
| | | |
| | | |
| | | |

## Reference Order

IT IS ORDERED: This case is referred to a United States Magistrate Judge to conduct all proceedings and order the entry of final judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

Date:    _____     _____

                                           *District Judge's signature*

                                       _____

                                         *Printed name and title*

NOTE:    Return this form to the clerk of court only if you are consent to the exercise of jurisdiction by a United States magistrate judge. Do NOT return this form to a judge or file on the docket, unless it has been signed by all parties to the action.

## NOTICE TO PARTIES OF COURT-DIRECTED
## MANDATORY MEDIATION PROGRAM

You are receiving this Notice because your case has been referred into the Court's Mandatory Mediation Program.

Counsel are directed to carefully review the Mandatory Mediation Plan and the requirements contained therein (General Order #47), prior to the Rule 16 conference.

All inquiries regarding the Mandatory Mediation Program should be directed to:

Angela Topa
ADR Program Administrator
U.S. District Court
Binghamton U.S. Courthouse
15 Henry Street
Binghamton, New York 13901
Telephone: (607) 773-2893
email: atopa@nynd.uscourts.gov
