CIVIL CASE MANAGEMENT PLAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Sarah Matthews and Jeffrey Matthews, Individually, and as Parents and Natural Guardians of M.M. 1, an infant under the age of 18 years and M.M. 2, an infant under the age of 18 years

vs

Case No. 6:24-CV-0202 (DNH/TWD)

Brunswick Corporation d/b/a Mercury Marine, by and through its Agents, Officers, and/or Employees

---

**IT IS HEREBY ORDERED** that, pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable THÉRÈSE WILEY DANCKS, United States Magistrate Judge, on May 13, 2024, at 9:30 AM. The Courtroom Deputy for Judge Dancks will provide counsel for the parties, and any unrepresented parties, with instructions on how to dial into his audio conference line for the Rule 16 conference.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21)** days before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1. **JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or before August 30, 2024.

2. **AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be made on or before September 30, 2024.

3. **DISCOVERY**: All discovery in this action shall be completed on or before April 28, 2025. **(Discovery timetable is to be based on the complexity of the action)**

4. **MOTIONS**: All motions, including discovery motions, shall be made on or before June 2, 2025. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

5.  **EXPERT WITNESS DISCLOSURE**: Plaintiff's Expert Witness disclosure shall be exchanged on or before January 30, 2025 (at least 90 days before the close of discovery). Defendant's Expert Witness disclosure shall be exchanged on or before March 14, 2025 (at least 45 days before the close of discovery). Rebuttal Expert Witness Disclosure shall be exchanged on or before March 31, 2025 (at least 30 days before the close of discovery).

6.  **MANDATORY MEDIATION**: A stipulation selecting mediator must be filed on or before April 25, 2025. Mediation must be completed on or before June 16, 2025. The parties have previously participated in a pre-suit mediation.

7.  **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: The action will be ready to proceed to trial on or before July 15, 2025. It is anticipated that the trial will take approximately 5 days to complete. The parties request that the trial be held in Utica, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

8.  Have the parties filed a Jury Demand?  X  (YES) _____ (NO).

9.  **What is the basis of the Court's subject matter jurisdiction? If it is diversity jurisdiction under 18 USC § 1332(a), does the complaint allege the citizenship of each party, including the citizenship of all members of any LLC or partnership? See 250 Lake Avenue Associates, LLC v. Erie Insurance Co., 281 F. Supp 3d 335, 341 (W.D.N.Y. 2017) ("[A]n LLC has the citizenship of each of its members for diversity jurisdiction purposes.")**
    The Court's subject matter jurisdiction is based on Diversity Jurisdiction and the Complaint alleges the citizenship of each party.

10. **Are the parties subject to the Court's jurisdiction? Have all parties been served?**
    The parties are subject to the Court's jurisdiction and they have been served.

11. **What are the factual and legal bases for Plaintiff's claims and Defendant's defenses (including counterclaims and crossclaims, if applicable)?**
    The factual and legal basis for Plaintiffs' allegations are set forth in the Complaint which essentially alleges that Defendant was negligent in the design and manufacture of the Mercury Marine 200 HP Outboard Motor and failed to take sufficient action to warn of the dangers of and/or recall the same causing Plaintiff Sarah Matthews to sustain significant personal injuries, including the amputation of her right (dominant) thumb. Plaintiffs also allege that Plaintiff Jeffrey Matthews and two of Plaintiffs' children were within the "zone of danger" and witnessed Plaintiff Mrs. Matthew's injuries causing severe emotional injuries. Defendant denies the allegations contained Plaintiffs' Complaint and asserts various affirmative defenses, including, but not limited to, that Plaintiff Mrs. Matthews' injuries were caused by misuse of the subject motor, Plaintiffs damages were caused by a 3rd party, namely Plaintiff Mrs. Matthews' father, David Youlen, and the comparative negligence of Plaintiffs. Furthermore, Defendant denies that Plaintiffs' children were with the "zone of danger." Defendant denies that its product was defective.

12. **What factual and legal issues are genuinely in dispute?**

    The parties dispute all of the legal issues asserted in this matter, including the negligence of the Defendant in the design, manufacture, and failure to warn of the dangers of the Mercury Marine 200 HP Outboard Motor and that any of Plaintiffs' injuries were caused by a party other than Defendant.

13. **Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**

    It is too early in the Discovery Process to determine if any of the issues in litigation can be narrowed by agreement or motion.

14. **What specific relief do the parties seek? What are the damages sought?**

    Plaintiffs seek monetary damages for the pain, suffering, psychological, and emotional damages sustained by Plaintiff Mrs. Matthews, economic damages in the form of out-of-pocket expenses incurred and lost wages, psychological and emotional damages sustained by Plaintiff Mr. Matthews and Plaintiffs' two children who witnessed the incident, and loss of consortium, loss of services, and loss of society sustained by Plaintiff Mr. Matthews. Defendant denies that is is liable for any of the damages sought, and contests the extent of damages sought.

15. **DISCOVERY PLAN**

    A. **Mandatory Disclosures**

    The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

    B. **Subjects of Disclosure**

    The parties jointly agree that discovery will be needed to address the following subjects:
    See attached Addendum.

    C. **Discovery Sequence**

    Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.
    The parties do not believe that phased discovery is necessary.

D. **Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, that areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

The parties anticipate serving their initial respective written discovery demands covering the topics detailed in subsection B above, as well as any other necessary topics of discovery, by July 31, 2024, with responses to the same to be served pursuant to the timing set forth in the Federal Rules of Civil Procedure, or as otherwise agreed to by the parties.

E. **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

See attached Addendum.

F. **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

It is expected that each party will retain expert(s) regarding the design, manufacture and purported recall of the Mercury 200 HP Outboard Motor. Plaintiffs also anticipate calling medical expert(s) regarding Plaintiff Mrs. Matthews' injuries and recovery. Defendants may also call medical experts.

G. **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

All materials stored electronically will be properly identified and BATES stamped.

H. **Protective Orders**
If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.
Defendant anticipates requesting a Confidentiality Order to be put into place, depending on the scope of Plaintiffs' written discovery. The parties will request the same at the appropriate time if necessary.

I. **Anticipated Issues Requiring Court Intervention**
Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.
At this time the parties do not anticipate requiring the Court's intervention relating to discovery.

16. **Is it possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means or presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**
It is too early in the Discovery Process to determine if the length of Trial can be reduced by stipulations, use of summaries or statements, or expedited in any other way. The parties will confer prior to Trial in an effort to reasonably expedite the length of Trial.

17. **Are there any related cases pending before the Judges of this Court?**
There are no other related cases between the parties filed.

18. **In Class Actions, when and how will the class be certified?**

This is not a class action.

19. **What are the prospects for settlement? Please check below the prospect for settlement:**

1 ____ 2 ____ 3 ____ 4 ____ 5 ____ 6 ____ 7 ____ 8 ____ 9 ____ 10 ____
(Very unlikely → → → → → → Likely)

A. Settlement cannot be evaluated prior to _____ (Date).

The parties agree to continuously explore the possibility of settlement. The parties have previously mediated the matter pre-suit.

B.  How can settlement efforts be assisted?

_____
_____
_____

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

**Complete Question 19 only if your filing order Cover Sheet was checked as an ADR Track case** – *Subject to Mandatory Mediation under General Order #47.*

20. **If your case was selected as a qualifying mandatory mediation case, confirm that you have:**

    A.  Reviewed General Order #47                                    Yes ___ No ___

    B.  Reviewed the List of Court Approved                           Yes ___ No ___
        Mediators available on the NDNY website?

    C.  Prepared to discuss with the Court, at the                    Yes ___ No ___
        conference, whether your case should be
        opted out of the program?

    D.  Discussed the time frame needed to                            Yes ___ No ___
        complete Mandatory Mediation?

---

Pursuant to Fed. R. Civ. P. 25(f), a meeting was held on _____
and was attended by:                                              (Date)

_____ for plaintiff(s)

_____ for defendant(s) _____

_____ for defendant(s) _____

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.***

## ADDENDUM TO CIVIL CASE MANAGEMENT PLAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SARAH MATTHEWS and JEFFREY MATTHEWS,  :
Individually, and as Parents and Natural Guardians of  :
M.M. 1, an infant under the age of 18 years and M.M.  :
2, an infant under the age of 18 years,  :   Case No. 6:24-CV-0202
:   (DNH/TWD)
                Plaintiffs,  :
:
-against-  :
:
BRUNSWICK CORPORATION d/b/a MERCURY  :
MARINE, by and through its Agents, Officers, and/or
Employees,

                Defendant.
------------------------------------------------------------------X

15.    Discovery Plan:

       B.    Plaintiff contends that subjects of Disclosure include, but are not limited to: (1) physical, psychological, and emotional damages of the Plaintiffs; (2) materials relating to the design, manufacture, and distribution of the Mercury Marine 200 HP Outboard Motor; (3) materials relating to the safety testing of the Mercury Marine 200 HP Outboard Motor; (4) complaints made regarding injuries caused by the design of the Mercury Marine 200 HP Outboard Motor; (5) other claims of injuries to hands and/or fingers caused by the cowl air vent on the mercury Marine 200 HP Outboard Motor; (6) materials relating to the decision to recall and the time of the same of the Mercury Marine 200 HP Outboard Motor. Defendant disagrees that these are all appropriate subjects of disclosure, and will object to overbroad and irrelevant discovery. Defendant contends that subjects of disclosure include, but are not limited to: (1) Plaintiffs' sought damages; (2) Plaintiffs' use and misuse of the product; and (3) third-party David Youlen's failure to properly instruct and/or warn Plaintiff of her misuse of the product.

       E.    Depositions: The parties anticipate that Plaintiffs Mrs. and Mr. Matthews will present for depositions, as well as at least a corporate representative of Defendant specified by Federal Rule of Civil Procedure 30(b)(6), and any other representatives of Defendant necessary for the litigation of this case. It is also anticipated that at least one (1) non-party deposition of David Youlen will be necessary. Depositions of damages witnesses, including medical providers, may be necessary as well.

105986.1